UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
Alain EERSTELING,

                                 Plaintiff,        MEMORANDUM & ORDER

                       v.                             05-cv-530 (ILG)

Xiaodong NIU and Xuping FU,

                                Defendants.
------------------------------------------------------x

GLASSER, United States Senior District Judge:

      Plaintiff Alain Eersteling, by his counsel Jeffrey H. Schwartz, Esq., objects to the Report and Recommendation of Magistrate Judge Mann, dated February 21, 2006,[1] ("R&R") recommending that this action be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and that sanctions in the amount of the defendants' attorney's fees be imposed on plaintiff's counsel. For the reasons stated below, this court rejects in part and accepts in part Magistrate Mann's recommendations.

## **BACKGROUND**

      The plaintiff[2] commenced this diversity action on January 28, 2005, seeking damages for the defendants' alleged negligence in the operation of a motor vehicle, which he alleges caused an automobile accident in Queens, New York, on January 31, 2002, in which the plaintiff was allegedly injured. An initial conference was held before

---

[1] Docket entries number 15 and 16.

[2] The court notes that the Complaint refers to two plaintiffs– Alain Eersteling and Jean St. Germain– but the case caption and the Civil Cover Sheet accompanying the Complaint identify only Mr. Eersteling as a plaintiff. (See Compl. ¶¶ 8-9).

1

Magistrate Mann on April 26, 2005, and the case was referred to arbitration on May 17, 2005. An arbitration hearing was initially scheduled for November 30, 2005; however, on November 2, 2005, defense counsel submitted a letter to Magistrate Mann indicating that, as of that date, the plaintiff had provided no disclosure to the defendant, despite a letter from the defendant to Mr. Schwartz on July 1, 2005, reminding Mr. Schwartz of his discovery obligations. Magistrate Mann then held a telephonic conference on November 7, 2005, at which she admonished Mr. Schwartz for ignoring the discovery deadlines, and warned him that further violations could result in the dismissal of his case with prejudice. Magistrate Mann ordered Mr. Schwartz to provide the defendants with automatic disclosure authorizations by November 14, 2005, and ordered the arbitration clerk to reschedule the arbitration hearing from November 30 2005, to a later date. The hearing was rescheduled for February 8, 2006.

On February 8, 2006, the defendants submitted a letter to Magistrate Mann, in which they alleged that the plaintiff had failed to appear for the arbitration hearing scheduled for that day, and that the plaintiff's counsel had not contacted the defendants to request that the hearing be rescheduled. (Docket entry number 13). In their letter, the defendants asked that the case be dismissed; the next day, Magistrate Mann entered an Order to Show Cause directing the plaintiff to appear on February 21, 2006, to show cause why the case should not be dismissed and sanctions should not be imposed upon plaintiff's counsel. (Docket number 14). Magistrate Mann's order indicated that "[f]ailure to appear as directed will result in the imposition of sanctions and a recommendation that the case be dismissed." Order to Show Cause at 1. On February 21, 2006, while waiting for the plaintiff to appear at the Order to Show Cause hearing,

2

defense counsel informed Magistrate Mann that Mr. Schwartz had provided the medical authorizations to the defendants, as directed by Magistrate Mann at the November 7 hearing, and had produced the plaintiff for an independent medical examination on December 15, 2005. Magistrate Mann's written record of that hearing indicates that the court waited 30 minutes, from 9:30 to 10:00 AM, for Mr. Schwartz to arrive. When he failed to do so, Magistrate Mann entered a written order recommending that the case be dismissed with prejudice "for lack of prosecution and violation of court orders... and that plaintiff's counsel be sanctioned in the amount of the fees unnecessarily expended by defendant in defending this action." R&R at 1-2. On March 3, 2006, Mr. Schwartz filed an Objection to Magistrate Mann's recommendation, in which he does not deny having missed both the arbitration hearing and the hearing before Magistrate Mann, but argues that "Plaintiffs [sic] default should be excused in the interests of justice because I was lacking actual knowledge of the arbitration/order to show cause date." Objections to Recommendations of Magistrate, dated March 3, 2006, at 1. Mr. Schwartz further explains to the court that "as of February 1, 2006 my office relocated to 160 Broadway from 225 Broadway and we have had significant disruption of, inter alia, our main and information systems. Some data has been lost or delayed in transit." Id. The defendants did not make a submission in opposition to the plaintiff's objections.

## DISCUSSION

A.  **Standard of Review**

Title 28 of the United States Code, Section 636(b)(1)(A) ("Section 636"), states that a magistrate judge may "hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions including, inter alia, a motion

for involuntary dismissal of a civil action. In reviewing a magistrate's determination of a nondispositive pretrial motion, a district court may overrule the magistrate's decision only where it is "clearly erroneous or contrary to law." Id. However, § 636(b)(1)(B) states that, although magistrates may not determine the dispositive pretrial motions explicitly excepted from their authority under § 636(b)(1)(A), the district court may designate a magistrate to hold hearings and to submit proposed findings of fact and recommendations for the disposition of such motions. Section 636(b)(1) goes on to say that, where a party objects to the magistrate's recommendation as to the determination of a dispositive motion, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Federal Rule of Civil Procedure ("Rule 72") draws the same distinction; Rule 72(a) states that a district court considering a party's objection to a magistrate's determination of a nondispositive pretrial matter "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law," while Rule 72(b) states that, when reviewing a magistrate judge's recommendation as to a dispositive motion, "[t]he district judge to whom the case is assigned shall make a de novo determination... of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." See also Zises v. Dep't of Soc. Servs. of the Human Res. Admin. of the City of New York, 112 F.R.D. 223, 225-226 (E.D.N.Y. 1986) (Nickerson, J.) (discussing § 636 and Rule 72; concluding that a magistrate's determination of a dispositive motion is subject to de novo review).

The defendants' motion that this action be involuntarily dismissed is clearly "dispositive" within the meaning of Rule 72, and is one of the eight types of pretrial matters explicitly reserved for de novo review under § 636(b)(1). This court shall therefore review Magistrate Mann's recommendation de novo.

## B. Dismissal is Unwarranted in This Case.

Although the decision whether to grant a motion to dismiss for failure to prosecute is a matter of the district court's discretion, the Second Circuit has "fashioned guiding rules that limit a trial court's discretion in this context, out of recognition... that dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)) (citation omitted). The Second Circuit has instructed the district courts that, when deciding whether to grant such a motion, their discretion must be guided by considering whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Drake, 375 F.3d at 254; see also Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) (same). Applying these factors, the court is persuaded that dismissal is not an appropriate sanction in this case.

### 1. Duration

The first element of the Second Circuit's analysis is comprised of two components. The court must consider "(1) whether the failures to prosecute were those

5

of the plaintiff, and (2) whether these failures were of significant duration." Id. at 255. The plaintiff is surely to blame for the delay in this case. Mr. Schwartz acknowledges that he missed the arbitration hearing and the hearing before Magistrate Mann, and that he failed to notify the defendants, the arbitrator, or the magistrate of his inability to attend those hearings, but suggests that his absence should be excused because of the confusion created by moving his office. However, the court notes that Magistrate Mann discussed rescheduling the arbitration hearing with counsel at the November 7, 2005, telephonic hearing, and that the date of the arbitration hearing was entered into the case docket on November 10, 2005– nearly three months before Mr. Schwartz's relocation. (Docket entry number 12). It is therefore far from clear to the court how the inconvenience caused by office relocation in February 2006 could provide Mr. Schwartz with a reasonable excuse for missing a meeting that had been scheduled well in advance of that time.

Although Mr. Schwartz's absence from the two hearings is inexcusable, the court notes that the failure to prosecute was not of significant duration. The arbitration hearing that Mr. Schwartz missed was on February 8, 2006, and the hearing on Magistrate Mann's Order to Show Cause was on February 21. The defendants' one-page letter-motion requesting that the case be dismissed does not allege that Mr. Schwartz was failing to prosecute the action prior to his absence from the arbitration meeting on February 8, and the court's review of the docket suggests that the plaintiff and his counsel were participating in discovery and arbitration prior to that date. Mr. Schwartz filed his Objection to Magistrate Mann's recommendation on March 3, 2006; he was, therefore, absent from this action for, at most, only approximately one month.

Moreover, although Mr. Schwartz had previously failed to comply with his discovery obligations, the record of the Order to Show Cause hearing indicates that he had complied with Magistrate Mann's order to provide medical authorizations to the defendants, and had produced the plaintiff for an independent medical examination approximately three weeks before the February 8, 2005, arbitration hearing. Notwithstanding the fact that Mr. Schwartz's failure to appear at the two February 2006 hearings was due entirely to his own negligence, the court concludes that the relatively short duration of Mr. Schwartz's absence from this action weighs heavily against dismissal for failure to prosecute. Cf. Shannon v. Gen. Elec. Co., 186 F.3d 186 (2d Cir. 1999) (affirming dismissal for failure to prosecute where plaintiff failed to take any action on pending claims for approximately two years).

### 2. Notice

Magistrate Mann warned Mr. Schwartz at the November 7, 2005, telephonic hearing that future violations of court orders could result in dismissal of this case with prejudice, and the February 9, 2006, Order to Show Cause specifically stated that this action would be dismissed if the plaintiff failed to appear at the hearing on February 21, 2006. Mr. Schwartz argues that his failure to appear at the two February 2006 hearings was unintentional, and that he did not receive actual notice of the possible dismissal because, due to the confusion involved in moving his office, he overlooked the magistrate's order until after the date of the hearing had passed. The court has found no authority specifically addressing the issue whether the Second Circuit test refers to actual notice, or whether constructive notice is sufficient in this context, though the latter conclusion might be inferred from some authority. See, e.g., Shannon, 186 F.3d at

194 n. 7 (holding that the local district court rules, under which the failure by the plaintiff to take any action for a period of four months could constitute presumptive evidence of failure to prosecute, "was sufficient to place [the plaintiff] on notice, even prior to the court's dismissal notice, that his continued failure to prosecute his case would likely result in dismissal."). However, given the short period of time between Magistrate Mann's Order to Show Cause and her subsequent recommendation that the action be dismissed, as well as the fact that Mr. Schwartz was allegedly not actually aware of the notice until after the second hearing had passed, the court finds that this factor favors dismissal only slightly.

### 3. Prejudice to the Defendants from Further Delay

The court sees no basis upon which to conclude that further delay is likely in this case. As noted previously, it appears that Mr. Schwartz was actively participating in discovery before February 2006, and it seems unlikely, given his unchallenged explanation of why he was absent from the two February 2006 hearings, that any similar failure would occur in the future. Although Mr. Schwartz had failed to comply with discovery deadlines in the past, the case docket and the record of the Order to Show Cause hearing indicate that he was actively participating in discovery until shortly before February 2006. The court notes that this factor focuses on prejudice to the defendants stemming from <u>future</u> delay; the extent to which the defendants have been prejudiced by the plaintiff's past failures, and the appropriate method by which to rectify that situation, shall be addressed below in the court's discussion of lesser sanctions. Because the plaintiff's omissions are unlikely to be repeated in the future, the court finds that this factor weighs against dismissal.

### 4. Balancing Calendar Congestion Against the Right to be Heard

This case does not present the extreme situation of nonfeasance in which a court's administrative convenience might outweigh a litigant's due process right to be heard. By comparison, in <u>Shannon</u>, the Second Circuit found this factor to favor dismissal of the action where the plaintiff, having been ordered by the district court to provide an affidavit stating why the action should not be dismissed for failure to prosecute, "failed to file the required affidavit, failed to provide any explanation for his nearly two-year delay, failed to request additional time to litigate his remaining Privacy Act claims against the federal defendants, and failed to represent to the court that he was prepared to prosecute those claims diligently." 186 F.3d at 195. Here, although Mr. Schwartz failed to properly respond to the Order to Show Cause, his absence from the case was far less than two years, and he did provide a plausible, though inexcusable, explanation for his absence, one which suggests that he is prepared to move forward to prosecute the claim diligently. Moreover, Mr. Schwartz's slight delay has not impeded the ability of this court to manage its docket or in any other way interfered with its operations. <u>See</u> <u>Drake</u>, 375 F.3d at 257 ("The district court itself found that Drake's delay had not impacted the trial calender [sic] or otherwise impeded the court's work. Thus, it found that this factor militated against dismissal."). This factor, therefore, does not favor dismissal.

### 5. Efficacy of Lesser Sanctions

Finally, the court concludes that Mr. Schwartz's negligent failure to appear at the two hearings, while very serious, could nevertheless have been effectively addressed by a less draconian remedy than involuntary dismissal with prejudice. As previously noted,

9

Magistrate Mann's Report and Recommendation also recommended that this court impose monetary sanctions "in the amount unnecessarily expended by defendant in defending this action." The court finds this remedy to be entirely appropriate under the circumstances, and directs the defendants to submit a statement to Magistrate Mann of the fees and expenses incurred by defense counsel in preparing for and attending the February 8, 2006, arbitration hearing, and the February 21, 2006, hearing on the Order to Show Cause. Because the court believes that this lesser sanction would be sufficient to discourage such negligence in the future, and would have the added benefit of imposing a penalty directly onto Mr. Schwartz rather than onto his client, it finds that this factor also weighs against dismissal for failure to prosecute.

For these reasons, the court concludes that involuntary dismissal with prejudice is not an appropriate sanction for Mr. Schwartz's failure to appear at the arbitration hearing and the Order to Show Cause hearing in February 2006. However, Mr. Schwartz is hereby advised that future failures to comply with court orders or to appear as required will warrant the severe sanction herein rejected.

## **CONCLUSION**

For the reasons herein stated, the plaintiff's objection to Magistrate Mann's February 21, 2006, Report & Recommendation recommending that this case be involuntarily dismissed with prejudice for failure to prosecute is hereby SUSTAINED. The objection to that portion of the same Report & Recommendation recommending that sanctions be imposed upon plaintiff's counsel in the amount of the defendants' attorney's fees is hereby DENIED. Defense counsel is hereby instructed to provide to Magistrate Mann a statement of the fees incurred in preparing for and attending the

10

February 8, 2006, arbitration hearing, and the February 21, 2006, Order to Show Cause hearing.

                                      SO ORDERED.

Dated:      Brooklyn, New York
               February 7, 2007

                                      _____

                                      I. Leo Glasser
                                      United States Senior District Judge

Copies of the foregoing were sent electronically on this day to:

**Counsel for Plaintiff**
Jeffrey H. Schwartz
225 Broadway, Suite 605
New York, NY 10007

**Counsel for Defendant**
Robert J. Valenti
Cheven, Keely & Hatzis, Esq.
40 Wall Street
New York, NY 10005